UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DALE LEIST and ROBERT L. MINARIK,
as Trustees of the Sheffield Crest Trust,

        Appellants,

        v.                                              Case No. 21-C-1458

PAUL G. SWANSON,
Chapter 7 Trustee,

        Appellee.

---

## DECISION AND ORDER

---

In this bankruptcy appeal, Appellants Dale Leist and Robert Minarik, Trustees of the Sheffield Crest Trust, seek review of a decision of the United States Bankruptcy Court for the Eastern District of Wisconsin, which held that Appellants were required to obtain counsel to represent the interests of the Sheffield Crest Trust. For the following reasons, the decision of the bankruptcy court will be affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2018, Debtors Joan and Gary Pansier filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Case No. 18-22297 (E.D. Wis. Bankr.). On August 27, 2020, Appellee commenced an adversary proceeding against Debtors,[1] to determine whether Ms. Pansier's residence, referred to as the Crivitz Property, is property of the bankruptcy estate. Adv. No. 20-2120 (E.D. Wis. Bankr.). In 1985, Ms. Pansier created the Sheffield Crest Trust and transferred the Crivitz Property, which was titled in her name, to the Sheffield Crest Trust.

---

[1] On October 28, 2020, Ms. Pansier filed a suggestion of death for Mr. Pansier.

Appellee sought a declaration that the Crivitz Property is property of the bankruptcy estate and an order directing the property be turned over pursuant to 11 U.S.C. § 541. Because Appellee's adversary proceeding sought to diminish the Sheffield Crest Trust's assets, the bankruptcy court directed Appellee to file an amended complaint that added the trustees as defendants. On March 29, 2021, Appellee filed a second amended complaint joining Leist as a defendant. After the second amended complaint was filed, Ms. Pansier advised Appellee's counsel that Minarik was also a trustee of the Sheffield Crest Trust. Appellee subsequently filed a third amended complaint that included both Appellants as defendants.

Appellants moved to dismiss the third amended complaint for lack of personal jurisdiction. Leist argued that the bankruptcy court could not exercise personal jurisdiction over him in a representative or fiduciary capacity because, while the third amended complaint identified him as a "trustee of the Sheffield Crest Trust," the summons only identified him as a "defendant." Dkt. No. 11 at 26. Minarik moved to dismiss for "insufficiency of process" because Appellee "failed to accomplish his presumptive legal end, that is, to cause Mr. Minarik to defend against his Third Amended Complaint, not as an individual, and not as an unassociated 'Trustee,' but as a Trustee of the Sheffield Crest Trust." *Id.* at 31–32. On June 24, 2021, the bankruptcy court denied Appellants' motions to dismiss but, "to promote clarity," ordered Appellee to serve an amended summons and complaint that identified the defendants with their capacity designations. Dkt. No. 4-1 at 16. That same day, Appellee filed and served a modified summons and third amended complaint that named as defendants Dale Leist as Trustee of the Sheffield Crest Trust and Robert L. Minarik as Trustee of the Sheffield Crest Trust.

On July 26, 2021, Appellants filed a motion to dismiss, arguing that Appellee failed to state a claim. On November 4, 2021, the bankruptcy court denied the motion and, *sua sponte*, raised

2

the issue of whether Appellants needed to retain counsel. The court ordered Appellants to "show cause as to why they should—or should not—be able to proceed without legal counsel." Dkt. No. 3-2 at 23–24. Appellants and Appellee filed briefs addressing the issue. On December 8, 2021, the bankruptcy court held a hearing on the matter, concluded that Appellants could not defend the interests of the Trust *pro se*, and ordered that Appellants retain counsel by January 7, 2022. The court supplemented its oral ruling with a written decision on December 16, 2021. *Id.* at 46–50. Appellants filed a notice of appeal on December 22, 2021.

## ANALYSIS

A district court reviewing an appealable order from a bankruptcy court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009). District courts have jurisdiction to hear appeals from final judgments, orders, and decrees; from interlocutory orders and decrees issued under 11 U.S.C. § 1121(d); and with leave of the court from other interlocutory orders and decrees. 28 U.S.C. § 158(a). Appellants assert that the Court has jurisdiction to hear this appeal because the bankruptcy court's decision was "final." Appellee contends that, while the bankruptcy court's ordering requiring that Appellants obtain counsel is not "final" within the meaning of the statute providing jurisdiction, the Court has jurisdiction to hear the appeal under the collateral order doctrine.

The collateral order doctrine "carves out a 'small class' of non-final orders that are deemed final and immediately appealable." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 375 (7th Cir. 2016) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949)). "Collateral orders" are "immediately appealable if three elements are satisfied: the nonfinal order must (1) be conclusive on the issue presented; (2) resolve an important question separate from the merits of

the underlying action; and (3) be effectively unreviewable on appeal from the final judgment of the underlying action." *United States v. Sealed Defendant Juvenile Male (4)*, 855 F.3d 769, 771 (7th Cir. 2017) (internal quotation marks and citation omitted). While the Seventh Circuit has not considered whether an order determining a party's ability to proceed *pro se* falls within the collateral order doctrine exception, the courts that have considered this issue have determined that it fits within the scope of the collateral order doctrine. *See Prewitt v. City of Greenville*, 161 F.3d 296, 298 (5th Cir. 1998) ("We are persuaded that his charge of a denial of the right to proceed pro se comes within the collateral order doctrine."); *Kell v. Smith*, 743 F. App'x 292, 295 (11th Cir. 2018) ("We have held that orders denying *pro se* status fit squarely within the scope of the collateral order doctrine and, thus, are immediately reviewable for appeal because such orders are separate from the underlying claim and the harm in erroneously denying a party leave to proceed *pro se* cannot be repaired after a judgment on the merits." (internal quotation marks, citations, and alterations omitted)). The Court finds the reasoning of these courts persuasive and concludes that it has jurisdiction over the appeal under the collateral source doctrine.

Appellants assert that the bankruptcy court erred in finding that they must obtain counsel to represent their interests as trustees of the Sheffield Crest Trust. They maintain that they should be able to litigate *pro se* because the Sheffield Trust is not a distinct legal entity that can sue or be sued. Appellants argue that they were named as defendants in this case as individuals and are defending their own interests in the adversary proceedings, not the interests of the trust or of a beneficiary. Their position is based on a misunderstanding of the common law of trusts. "Traditionally, a trust was not considered a distinct legal entity, but a fiduciary relationship between multiple people." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (internal quotation marks and citation omitted). Because a traditional trust cannot sue or be sued

4

in its own name, legal proceedings involving trusts must be brought "by or against the trustees in their own names." *Americold*, 577 U.S. at 383. Stated differently, the only way an individual can seek relief against a trust is to bring suit against the trustees in their representative capacities.

In this case, Appellants have no personal interest in the Crivitz Property or the Sheffield Crest Trust. Appellants were not named as defendants individually, as the bankruptcy court noted, but instead in their capacity as trustees of the Sheffield Crest Trust "to enable them, if they choose, to defend retention or relinquishment" of the Crivitz Property. Dkt. No. 3-2 at 48. "A nonlawyer, such as these purported 'trustee[s] pro se,' has no right to represent another entity, i.e., a trust, in a court of the United States." *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994); *see also United States v. Sanders*, 676 F. App'x 599, 600 (7th Cir. 2017) (noting that "as a general rule, a nonlawyer cannot represent a trust pro se" (citations omitted)); *Life Sci. Church, Bible Camp & Christian Liberty Academy v. Shawano Cty.*, 221 Wis. 2d 331, 334, 585 N.W.2d 625 (Ct. App. 1998) (holding that "trustees may appear in Wisconsin courts without licensed legal counsel only to represent their own legal interests in their individual capacities, not to represent the legal interests of their trusts or trust beneficiaries in their representative, fiduciary capacities as trustees"). For these reasons, the bankruptcy court did not err in ordering the trustee defendants to retain counsel. Accordingly, the decision of the bankruptcy court is **AFFIRMED**. Appellee's motion to dismiss based on Appellants' failure to file a timely brief (Dkt. No. 7) is **DENIED**. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge